10-569-ag
Liu  v. Holder

BIA
Nelson, IJ
A094 824 987

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand eleven.

PRESENT:
>    PIERRE N. LEVAL,
>    PETER W. HALL,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges.*

_____

XIAOBIN LIU,
>        *Petitioner,*

>        v.                                          10-569-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Nathan Weill, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiaobin Liu, a native and citizen of China, seeks review of a January 20, 2010, decision of the BIA affirming the March 12, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaobin Liu*, No. A094 824 987 (B.I.A. Jan. 20, 2010), *aff'g* No. A094 824 987 (Immig. Ct. N.Y. City Mar. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110-11 (2d Cir. 2008); *Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the

2

agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). In order to determine whether jurisdiction exists in an individual case, we "study the arguments asserted" in a petition for review and determine, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,'" in which case those particular issues could be addressed. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Here, we lack jurisdiction to review the denial of Liu's asylum application as untimely because Liu has challenged only purely factual determinations and the agency's exercise of discretion.

Liu argues that the agency erred as a matter of law in

3

determining that credible testimony alone, without corroboration, cannot establish, by clear and convincing evidence, that an asylum application was filed within one year of entry into the United States. Here, however, the agency did not declare as a matter of law that an individual's testimony alone is not enough to establish date of entry. Rather, the agency found that, based on the lack of credible detail and consistency in Liu's testimony regarding her trip to the United States, Liu did not demonstrate, by clear and convincing evidence, her date of entry into the United States. This finding by the agency was a factual determination regarding the timeliness of Liu's asylum application, which we lack jurisdiction to review. *See* 8 U.S.C. § 1158(a)*, Xiao Ji Chen*, 471 F.3d at 323-32.

Liu also argues that her constitutional due process rights were violated when the IJ declined to grant her a continuance in order to present a witness who could testify as to her date of entry into the United States. However, "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Saloum v. U.S.*

4

*CIS*, 437 F.3d 238, 243 (2d Cir. 2006) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)); *see also Xiao Ji Chen*, 471 F.3d at 330-32.  Indeed, "[t]o hold otherwise would allow all [petitioners] ... to circumvent clear congressional intent to eliminate judicial review over discretionary decisions through the facile device of re-characterizing an alleged abuse of discretion as a 'due process' violation." *Saloum*, 437 F.3d at 243-44 (quoting *Torres-Aguilar*, 246 F.3d at 1271).  Here, Liu has not raised a colorable constitutional claim by contending that the IJ violated her due process rights, as she is simply re-characterizing an allegation that the IJ abused her discretion as a constitutional issue.[*] *Id.*

Liu further contends that the IJ abused her discretion in denying a continuance.  Immigration Judges have the authority to grant continuances "for good cause shown." 8 C.F.R. § 1003.29.  We review the BIA's affirmance of an

---

[*]Even if Liu did raise a colorable constitutional claim that we have jurisdiction to review, her right to due process was not violated, as Liu had ample opportunity to introduce corroborative evidence regarding her arrival date. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (holding that there is no due process violation where the IJ's finding was not arbitrary and the alien was not denied a full and fair opportunity to present her claims).

5

IJ's decision to deny a motion for a continuance for abuse of discretion.  *See Kulwinder Singh v. U.S. DHS*, 526 F.3d 72, 81 (2d Cir. 2008)*; Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006).  We have noted that IJs have "broad discretion" and "are accorded wide latitude in calendar management."  *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006)(citation omitted).  An IJ abuses his discretion in denying a continuance only "if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions."  *Id.* at 551-52 (citations, internal quotation marks, and alterations omitted).  In this case, the IJ did not abuse her discretion in denying the continuance, as Liu had ample opportunity to introduce corroborative evidence regarding her arrival date.  *Id.*

Because Liu has failed to present any constitutional claim or question of law related to the agency's finding that her application was untimely, *Xiao Ji Chen*, 471 F.3d at 323-32, we lack jurisdiction to review the IJ's denial of her asylum claim, *see* 8 U.S.C. § 1158(a).  We may, however,

review Liu's challenge to the agency's denial of withholding of removal.

In 1996, Congress amended the definition of "refugee" to include "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, . . . and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance."  8 U.S.C. § 1101(a)(42).  The BIA has held that Congress did not intend to include in this definition the involuntary insertion of an IUD as a *per se* form of persecution.  *See Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 636 (B.I.A. 2008).  Liu first challenges the BIA's determination in *Matter of M-F-W- & L-G-* that an involuntary IUD insertion does not amount to persecution absent "aggravating circumstances."  *Id*. at 642.  We recently rejected this exact argument, however, holding that the BIA's interpretation of the Immigration and Nationality Act to conclude that an involuntary IUD insertion is not *per se* grounds for asylum was entitled to deference.  *Xia Fan Huang v. Holder*, 591 F.3d 124, 129-30 (2d Cir. 2010).

7

Therefore, in order to constitute persecution, an IUD insertion must involve aggravating circumstances and occur as a result of the applicant's resistance to the family planning policy. *Id*. at 128.

Liu further argues that even if involuntary IUD insertion does not amount to *per se* persecution, the agency erred in concluding that her forcible IUD insertion did not rise to the level of persecution. However, the BIA did not err in finding that the circumstances surrounding Liu's unwilling IUD insertion did not rise to the level of harm required to establish persecution. In her hearing at the immigration court, Liu testified that the IUD resulted in pain in her abdomen, bleeding, and ultimately, an infection. She stated that she asked the family planning officials to remove the IUD, but was refused and given medicine to address her infection, from which she eventually recovered. While these circumstances are unfortunate, they do not constitute the "aggravating circumstances" necessary for the harm Liu suffered to rise to the level of persecution. *See M-F-W- & L-G-*, 24 I. & N. Dec. at 641-42 (providing that "examples of routine acts implementing China's family planning policy that are lacking in harm sufficient to constitute persecution include reinsertion of an IUD after

8

the removal of an IUD, fines for having removed the IUD that are not excessive, regularly required gynecological exams, and other routine fines and threats for disobeying the policy").

Because the agency reasonably concluded that Liu did not suffer past persecution, she is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 208.16(b)(1). Furthermore, in her brief, Liu does not raise the issue of future persecution, and makes no argument regarding the likelihood of persecution if she returns to China. Accordingly, we decline to address the issue. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n.8 (2d Cir. 2002). Because Liu failed to establish past persecution, and fails to argue that she would be persecuted if she were to return to China, we conclude that the agency did not err in denying her application for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

9

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk